**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | NO. 23-10585 |
| TAMLA PIERRE | * | SECTION "A" |
| DEBTOR | | |
| | * | CHAPTER 13 |

\* \* \*

**OBJECTION OF UNITED STATES OF AMERICA**
**TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

**NOW INTO COURT**, through the undersigned Assistant U.S. Attorney, comes the United States of America on behalf of the U.S. Department of the Treasury, Internal Revenue Service ("the Service"), and objects to confirmation of the Debtor's Chapter 13 Amended Plan. See Record Doc. # 35 (hereinafter, "the Plan"). In so objecting the United States would show the following:

1. On April 18, 2023, Debtor filed her Voluntary Petition for Relief Pursuant to Chapter 13 of Title 11 of the United States Code. See Record Doc. # 1.

2. On May 10, 2023, the Service filed a proof of claim, amending same on May 31, 2023, and again on June 13, 2023, asserting federal tax liabilities totaling $203,978.93, consisting of a secured claim in the amount of $43,802.23, an unsecured priority claim in the amount of $100.00, and an unsecured general claim in the amount of $160,076.70. See Record Claim # 5-3 at pp. 4-5. As explained infra, the portion Service's claim that is secured should be not only recognized but is subject to being increased, and because the Debtor has not filed an acceptable tax return for 2022, its priority claim is estimated and, therefore, is subject to future adjustment, too.

3. As the Debtor has not objected to the claims of the Service, such claims are deemed allowed under section 502(a) of Title 11 of the United States Code.

4. The United States objects to the Plan because it completely fails to properly account and provide for proper treatment of the Service's secured claim as required by 11 U.S.C. § 1325(a)(5). *See In re Barnes*, 32 F.3d 405 (9th Cir. 1994). As set forth above, the Service's proof of claim evidences a secured claim in the amount of $43,802.23 for personal income taxes for the 2010 tax year. The Plan completely omits the Service as a holder of a secured claim and tries to treat its entire claim as a priority claim. See Plan at p. 6, Sec. 7.4.

5. On December 4, 2017, the Service recorded a Notice of Federal Tax Lien against the Debtor in Orleans Parish, State of Louisiana, which included the above-stated amounts for taxes for the above-cited tax periods. See Record Claim # 5-3 at p. 6. There is sufficient equity in the Debtor's real[2] and personal property–all of it--to secure the Service's lien.[3] See Record Doc. # 16 at p. 1 (Schedule A/B) #18 at p. 28 (Schedule D). The Plan should be amended to recognize and provide for full payment of the Service's secured claim paid with interest at the rate specified in 126 U.S.C. §§ 6621 and 6622.

6. Further, pursuant to 11 U.S.C. § 1308(a), Debtor was required to file all federal tax returns due for taxable periods ending within four years of April 18, 2023, and the Plan is therefore objectionable under 11 U.S.C. § 1325(a)(9) as a result of the Debtor's failure to file a valid tax

---

[2] Debtor lists the value only of her residence in Eastover Country Club as $310,000. See Record Doc. # 18 (Schedule D). However, ownership data from the Orleans Parish Tax Assessor's Office shows that Debtor also owns a vacant lot in Eastover with a tax appraised value of $29,700. See Exhibit A. The service further submits that publicly available information indicates a value of Debtor's residence considerably higher than $310,000. See current online valuations for 6010 S. Muirfield Circle, NOLA 70128 attached hereto as Exhibit B, in globo. The Service suggests that an evidentiary hearing is in order to determine the extent of Debtor's holdings and the appropriate fair market value of same, and is in the process of obtaining an independent appraisal of the debtor's residence.

[3] The amount of the secured claim in the Service's proof of claim accounts for the lien(s) senior to those of the government. If, as anticipated, the independent appraisal assigns a higher value to the residence, then the Service will amend its claim, moving the amounts owed for the 2011, 2014 and 2015 tax years into the secured portion of its claim.

return for 2022 in strict compliance with 11 U.S.C. § 1308(a). See <u>United States v. Cushing (In re Cushing)</u>, 401 B. R. 528, 537 (1st Cir. BAP 2009).

7. Moreover, the Debtor's failure to file the aforesaid federal income tax return by the first scheduled date for the meeting of creditors, subject to an extension of not more than 150 days, is cause for dismissal or conversion under 11 U.S.C. § 1307(e) upon request of a party in interest after notice and hearing. <u>Id.</u>; <u>In re Broussard</u>, 2009 WL 1531817 (Bankr. W.D. La.) (citations omitted). The first meeting of creditors in the above captioned and numbered case was scheduled for June 13, 2023 and was held on June 27, 2023. <u>See</u> Record Doc. ## 33 and 38.

8. Until the Debtor files a valid 2022 income tax return, the amount of the Debtor's federal income tax liabilities cannot be determined with certainty. Unpaid federal income taxes for 2022 and interest thereon accrued pre-petition will constitute an unsecured priority tax claim of the IRS under 11 U.S.C. § 507(a)(8)(A)(I). The Debtor's failure to comply with 11 U.S.C. § 1308(a) and thereby ensure that the unsecured priority tax claim of the IRS is promptly liquidated and paid in full within the term of the Plan as required by 11 U.S.C. § 1322(a)(2) and (d) is an additional ground for denying confirmation of the Plan under 11 U.S.C. § 1325(a)(1). *See In re Eilertson*, 211 B.R. 526, 530 (D.S.C. 1997) (objective futility results from debtor's failure to file tax returns and subsequent frustration in the ability to determine feasibility of a plan until the returns are filed); *In re Crayton*, 169 B.R. 243, 245 (Bankr. S.D. Ga. 1994) (debtor's failure to file his tax returns as he enjoyed protection from collection activities by his creditors, including the IRS, while his case was pending, was the epitome of a lack of good faith by the debtor); *Howard v. Lexington Investments, Inc.*, 284 F.3d 320, 323 (1st Cir. 2002) (unfiled state tax returns created a major impediment to the creation of a confirmable plan). The plan should be not confirmed until

the debtor files the missing return and the Service is allowed to amend its proof of claim accordingly.

9. As stated supra, the Debtor proposes to treat the Service's entire claim as a priority claim. In light of such treatment, the Plan proposes to make 60 payments each of which exceeds the amount of disposable income Debtor has to fund the plan.

10. The Plan should not be confirmed until the Debtor amends the Plan and schedules to properly account for all of her property interests, as well as the Service's secured and priority claims.

**WHEREFORE**, the United States objects to confirmation of the Debtors' Chapter 13 Plan.

Respectfully submitted,

DUANE A. EVANS
ACTING UNITED STATES ATTORNEY

*/s/ Glenn K. Schreiber*
GLENN K. SCHREIBER
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3093
Fax: (504) 680-3174
glenn.schreiber@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2023, a copy of the **OBJECTION OF UNITED STATES OF AMERICA TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN** was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record:

    Edwin M. Shorty, Jr. (eshorty@eshortylawoffice.com)
    S. J. Beaulieu, Jr. (ecf@ch13no.com)
    U.S. Trustee (USTPRegion05.NR.ECF@usdoj.gov)

Also, a copy was served by first-class mail, postage, prepaid on this 30th day of June, 2023, on the following:

    Tamla Pierre
    6010 S. Muirfield Circle
    New Orleans, LA 70128

                              */s/ Glenn K. Schreiber*
                              GLENN K. SCHREIBER
                              Assistant United States Attorney