# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | Tamla Pierre | \* |
| | | \* |
| | | \* Case No. 23-10585 |
| | | \* Chapter 13 |
| | Debtor | \* Section A |

## MOTION FOR PARTIAL RELIEF FROM THE AUTOMATIC STAY

NOW INTO COURT, through undersigned counsel, comes Tamla Pierre (hereinafter "Mrs. Pierre"), a creditor and party in interest in this proceeding, and herein seeks the entry of an order of the Court therein modifying the automatic stay as to Mrs. Pierre pursuant to 11 U.S.C. § 362(d)(1). In support of this motion, Mrs. Pierre respectfully avers as follows:

### Jurisdiction

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.

2.

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3.

The Court has the authority to grant the relief sought pursuant to 11 U.S.C. § 362(d).

### Venue

4.

Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Procedure

5.

Procedurally, this motion is governed by Bankruptcy Rules 4001 and 9014.

## Background

6.

On January 20, 2023, the Debtor filed a lawsuit titled TAMLA PIERRE ET AL VERSUS MYRIAD GENETICS, INC ET AL, bearing case # 2019-07027 in Division M of Civil District Court for the Parish of Orleans. The suit involves a Genetics testing company and their salesman and involves their ability to cancer gene screening. And Tamla Pierre, NP vs Darvis Harvey, Align Infusion CLinic, Inc. and Womans Place of Louisiana, Inc. bearing case # 2022-8780. A negligence/malpractice action.

7.

Both of these matters are pending and the debtor would like to allow these matters to continue on thru the State Court system

## Relief Requested

8.

Pursuant to this motion and section 362(d) of the Bankruptcy Code, Mrs. Pierre seeks the entry of an order providing for partial relief from and/or a modification of the automatic stay in order to permit her to proceed with the adjudication and liquidation of her claims for personal injuries and damages in a court of competent jurisdiction, against defendnats in the above referenced matters.

9.

11 U.S.C. § 362(d)(1) provides, in pertinent part, as follows:

> On request of a party-in-interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause….

10.

While neither section 362(d)(1) of the Bankruptcy Code nor its legislative history defines "cause", it is viewed as a broad and flexible concept. *In re M.J. & K. Co., Inc.*, 161 B.R. 586, 590 (Bkrtcy. S.D.N.Y. 1993). Moreover, the determination of whether sufficient cause exists to grant relief must be addressed on a case-by-case basis. *Id*. at 591.

11.

In determining whether such relief should be entered to proceed with litigation in another forum, courts have developed a balancing test whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff. *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (Bkrtcy. 1984). The factors which courts normally consider in the application of this balancing test include: (1) whether only issues of state law are involved; (2) whether judicial economy will be prompted; (3) whether the litigation will interfere with the bankruptcy case; and (4) whether the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court. *In re Robbins*, 964 F. 2d 342, 345 (4th Cir. 1992). Moreover, it is well settled that where modification of the stay is sought solely to establish the liability of the debtor to permit a plaintiff to proceed against a surety, insurer, or other third party, cause exists for granting such relief. *In re Holtkamp*, 669 F. 2d 505 (7th Cir. 1982).

12.

Upon application and a balancing of those factors normally considered by courts in determining whether to accord stay relief for the purpose of allowing litigation to proceed in another forum to the facts prevalent in the instant matter, it becomes readily apparent that such

factors weigh heavily in favor of stay relief as to Mrs. Pierre, especially in light of the following circumstances, to-wit:

a) Mrs. Pierre claims for personal injuries and damages must be adjudicated, and those claims cannot be adjudicated by the Bankruptcy Court since Mrs. Pierre does not consent to the Bankruptcy Court conducting a jury trial of her claims.

b) The issues surrounding Mrs. Pierres personal injury claims and damages do not compromise a core-proceeding under 28 U.S.C. § 157(b)(2)(0), involve only issues of state law.

c) To the extent an adjudication is obtained in Mrs. Pierre favor, there will be no interference with or collection from the bankruptcy estate as she is a plaintiff and this action can only benefit the estate.

d) Lifting of the automatic stay will result in a complete resolution of the issues between the parties.

e) Absent a modification of the stay, Mrs. Pierre will be unable to adjudicate her claims against defendants and their insurers.

13.

Accordingly, the modification of the stay as requested herein should not affect or prejudice the debtor or the bankruptcy estate.

WHEREFORE, Tamla Pierre prays that, after notice and hearing, this Court enter an order modifying, terminating or annulling the automatic stay so as to allow and permit said mover to (i) adjudicate and liquidate her claims for personal injuries and damages to a judgment in the Orleans Civil District Court, against both the debtor and all insurers thereof; (ii) conduct discovery as to the debtor and its principals in connection with her claims for personal injuries and damages; (iii) execute or enforce any judgment obtained as to the debtor and/or its insurers against the said

debtor's insurers only; and (iv) to the extent that any judgment obtained as to the debtor and/or its insurers is not satisfied or paid in full by an insurer of debtor, to have the balance thereof or remaining deficiency enforced only in the U. S. Bankruptcy Court and in the within Chapter 11 proceeding as to the said debtor.

Respectfully Submitted By:

EDWIN M. SHORTY, JR. & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

*/s/ Edwin M. Shorty Jr*

EDWIN M. SHORTY, JR., LSBA # 28421
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (504) 207-1370
Fax:    (504) 207-0850
Email: eshorty@eshortylawoffice.com